UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Respondent,<br><br>      v.<br><br>Maria R. Barajas-Sauceda,<br><br>           Movant. | NOS.  CR-04-2166-LRS<br>       CV-06-3044-LRS<br><br><br>ORDER DENYING 28 U.S.C. § 2255<br>MOTION |

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed June 5, 2006. The Motion is submitted by Maria R. Barajas-Sauceda, who is appearing *pro se* for the purposes of these proceedings.

### I. BACKGROUND

Ms. Barajas-Sauceda was indicted on November 16, 2004 for Conspiracy to Distribute Not Less than 150 Grams and Not More than 1.5 Kilograms of Methamphetamine and Aiding and Abetting the Same, in violation of 21 U.S.C. § 846 and Possession with Intent to Distribute a Mixture and Substance Containing at Least 150 Grams and Not More than 1.5 Kilograms of Methamphetamine, in violation of 21 U.S.C. §

ORDER DENYING 28 U.S.C. §2255 . . . . - 1

841(a)(1) and 18 U.S.C. § 2. On March 29th, 2005, Ms. Barajas-Sauceda entered a plea of Guilty to the charge of Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. § 846. On July 7, 2005, Ms. Barajas-Sauceda was sentenced to 57 months of imprisonment.

28 C.F.R. § 570.21 provides that inmates may be placed in a Community Correction Center for the last ten percent of the prison sentence being served (up to a maximum of six months). However, 61 Fed.Reg. 25121 provides that "prisoners with detainers" are among the class of prisoners who are not eligible to complete a community-based program, this provision is known as the "detainer exclusion." Because Ms. Barajas-Sauceda is subject to an Immigration and Naturalization Services ("INS") detainer, she is not eligible for placement in a Community Correction Center under 28 C.F.R. § 570.21.

Ms. Barajas-Sauceda contends that her sentence is unconstitutional on two grounds: (1) ineffective assistance of counsel, and (2) violation of the right to equal protection of the law.

## II. DISCUSSION

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

ORDER DENYING 28 U.S.C. §2255 . . . . - 2

A petitioner is entitled to an evidentiary hearing on the motion to vacate her sentence under 28 U.S.C. § 2255 unless the motions, files, and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of the claim, and (2) even where the allegations are specific, whether the records, files, and affidavits are conclusive against the petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations, and footnote omitted).

The statute provides that only if the motion, file, and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response. 28 U.S.C. § 2255. The rules regarding section 2255 proceedings similarly state that the Court may summarily order dismissal of a section 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(a). Thus, when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows,* 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

ORDER DENYING 28 U.S.C. §2255 . . . . - 3

The Court finds that the Movant has failed to show a constitutional violation under either of these grounds.

## A. GROUND ONE- INEFFECTIVE ASSISTANCE OF COUNSEL

The standard for deciding the issue of ineffective assistance of counsel is laid out in *Strickland v. Washington*. 466 U.S. 668 (1984). The *Strickland* framework requires that:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

In *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir. 1997), discussing the first prong of the *Strickland* analysis, the Sixth Circuit recognized:

> The [Supreme] Court cautioned that in undertaking an ineffective-assistance review, "[j]udicial scrutiny of counsel's performance must be highly deferential," and must avoid the "second-guess[ing of] counsel's assistance..., [as] it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689... In order to avoid "the distorting effects of hindsight," a reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that... the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

Furthermore, in evaluating the prejudice suffered by a petitioner as a result of alleged ineffective assistance of counsel, "[i]t is not

ORDER DENYING 28 U.S.C. §2255 . . . - 4

enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* (citation omitted). Rather, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Finally, in conducting this inquiry, we need not apply *Strickland's* principles in a mechanical fashion. As the Supreme Court explained:

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Id.* at 697.

Ms. Barajas-Sauceda argues: "Defense counsel failed to inform the Court at sentencing that Barajas-Sauceda would not be eligible for a six-month halfway house or other benefits due to her status as a legal resident. This information may have been cause for the Court to sentence Barajas-Sauceda to a lesser sentence." Ct. Rec. 1.

Ms. Barajas-Sauceda has failed to demonstrate, under *Strickland,* a reasonable probability exists that, but for Counsel's failure to

ORDER DENYING 28 U.S.C. §2255 . . . . - 5

apprise the Court of Ms. Barajas-Sauceda's immigration status, a shorter sentence would have resulted. 466 U.S. at 693. For this reason, this Court follows the course suggested by *Strickland* and declines to rule on the issue of whether Counsel's omission was in fact deficient. *Id.* at 697.

The Court begins the discussion of Ms. Barajas-Sauceda's ineffective assistance of counsel claim by noting that Defendant's right to effective assistance of counsel exists during a plea process, as well as during a trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). While Ms. Barajas-Sauceda correctly notes that, pursuant to the discretion granted to the Bureau of Prisons by 18 U.S.C. § 3621, she is ineligible for placement in a Community Correction Center because of the detainer placed on her by the Immigration and Naturalization Service, her contention that a lower sentence would have been imposed had the Court been apprised of this fact is merely speculative. In determining sentencing, this Court is bound by *United States v. Booker*, which requires sentencing courts to consult the Sentencing Guidelines as well as the statutory factors found in 18 U.S.C. § 3553(a) to arrive at a sentence that is "sufficient, but no greater than necessary to comply with the purposes of [the act]." 18 U.S.C. § 3553. Neither the Sentencing Guidelines nor the statutory factors found in 18 U.S.C. § 3553(a) provide for a reduced sentence because of an individual's ineligibility for certain benefits from the Bureau of Prisons such as early release or transfer to a Community Correction

ORDER DENYING 28 U.S.C. §2255 . . . . - 6

Center. Though 18 U.S.C. §3553(a) provides for the consideration of "the kinds of sentences available," this is nothing more than a broad category for consideration that suggests such a downward departure is possible; it does not demonstrate that such a departure is a reasonable probability. Ms. Barajas-Sauceda's contention that, had Counsel disclosed her immigration status a shorter sentenced would have been imposed, is nothing more than speculation. Ms. Barajas-Sauceda fails to demonstrate that a reasonable probability exists that, but for counsel's conduct, the result would have been different. The Court finds that the Movant has not met her burden to show a constitutional violation occurred for relief under ground one.

**B.    GROUND TWO-VIOLATION OF THE RIGHT TO EQUAL PROTECTION OF THE LAW**

The Equal Protection Clause of the Fourteenth Amendment applies to the federal government through the Fifth Amendment's Due Process Clause. *See Bolling v. Sharpe,* 347 U.S. 497 (1954). Unlawful aliens have long been recognized as 'persons' guaranteed the right of due process guaranteed by the Fifth and Fourteenth Amendments. *Plyler v. Doe,* 457 U.S. 202, 210 (1982). The standard for analysis of an equal protection claim involves two steps. First, it must be shown "that the statute, either on its face or in the manner of its enforcement, results in members of a certain group being treated differently from other persons based on membership in that group." *United States v. Lopez-Flores*, 63 F.3d 1468, 1472 (9th Cir. 1995). A violation of the Equal Protection Clause has only occurred if it is proven that the

ORDER DENYING 28 U.S.C. §2255 . . . . - 7

state action has discriminatory intent. *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 265 (1977). Second, "if it is demonstrated that a cognizable class is treated differently, the court must analyze under the appropriate level of scrutiny whether the distinction made between the groups is justified." *Lopez-Flores*, 63 F.3d at 1427.

Ms. Barajas-Sauceda claims that her right to equal protection of the law has been violated because the detainer exclusion, which precludes her placement in a Community Correction Center for the last ten percent of her sentence, results in a disadvantage to aliens. Ct. Rec. 1 at 6. This issue was squarely resolved by the Ninth Circuit in *McLean v. Crabtree.* 173 F.3d 1176, 1185-86 (9th Cir. 1999). In *McClean,* four federal prisoners with detainers appealed the district court's denial of their 28 U.S.C. §2241 petitions for habeas corpus on the grounds that the Bureau of Prisons had violated their constitutional rights when it denied, because of INS detainers, their requests for sentence reductions based upon 18 U.S.C. § 3621(e)(2)(B). *Id.* at 1176. The *McClean* court rejected the appellants' claim that "the detainer exclusion violates the Equal Protection Clause of the United States Constitution because it operates to the peculiar disadvantage of aliens." *Id.* at 1185.

The *McLean* court held that the detainer exclusion does not result in "aliens as a group being treated differently from other person(s) based on their membership in the class of incarcerated aliens." *Id.* at

ORDER DENYING 28 U.S.C. §2255 . . . . - 8

1185. The court further noted that, "because 'prisoners with detainers' do not constitute a suspect class, the detainer exclusion is valid so long as it survives the rational basis test, which accords a strong presumption of validity." *Id.* at 1186 (citing *Heller v. Doe,* 509 U.S. 312, 319 (1993). The court held that the detainer exclusion is rationally related to the Bureau of Prison's "legitimate interest in preventing prisoners from fleeing detainers." *Id.* The *McLean* court held that, because the detainer exclusion satisfies the requirements of the rational basis review, it is not a violation of a prisoner's right to Equal Protection under the Fifth and Fourteenth Amendments. This Court is bound by *McLean v. Crabtree, supra,* and finds that the Movant has not met her burden to show that a constitutional violation occurred for relief under ground two.

    The Movant is not entitled to an evidentiary hearing on the Motion to vacate her sentence under 28 U.S.C. § 2255. Additionally, the Court summarily dismisses the Motion without sending it to the United States Attorney for response. Accordingly,

    **IT IS ORDERED** that:

    1. Ms. Barajas-Sauceda's motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed June 5, 2006 (Ct. Rec. 1, 06-3044) is **DENIED.**

////

////

///

ORDER DENYING 28 U.S.C. §2255 . . . . - 9

Case 2:04-cr-02166-LRS   Document 49   Filed 08/25/06

     2. The District Court Executive is Directed to:

          (a) File this Order

          (b) Provide a copy to Movant **AND TO** the United States
Attorney, **Yakima, Washington;** and

          (c) Close Movant's file herein.

     **DATED** this  25th  day of August, 2006.

                              *s/Lonny R. Suko*

                    _____
                              LONNY R. SUKO
                    United States District Judge

ORDER DENYING 28 U.S.C. §2255 . . . - 10